## Samuel Blinn *against* Thomas Chester.

### IN ERROR.

THIS was an action of *assumpsit*, brought to the County Court, by *Chester* against *Blinn*, on a promissory note, for the sum of 15*l.* 6*s.* 2*d.* lawful money, dated the first day of *January*, 1793.

The defendant pleaded, that after the date and execution of the note, and before the date of the plaintiff's writ, he performed labour and services, as a carpenter and joiner, on a dwelling-house, which the plaintiff was then building, to the amount of the principal and interest of the money expressed in the note, and in full satisfaction thereof; and that the plaintiff accepted and received such labour and services, in full satisfaction of the money due on the note, &c. Of this, there was a traverse; on which issue was joined.

On the trial, before the County Court, the defendant offered one *John Sellew*, as a witness, to prove, that before, and at the time the note was executed, the plaintiff agreed with the defendant, that he would take his work, as a carpenter and joiner, on the plaintiff's dwelling-house, in the course of the year 1793, to the amount, and in full satisfaction of the sum due on the note; and that, at the same time, the defendant agreed with the plaintiff, to perform the labour, within the year, according to the agreement above specified. To the admission of this evidence, the plaintiff objected, and the court allowed the objection, and determined, that the witness could not testify to any such agreement made prior to the execution of the note; but permitted him to testify as to any facts which took place afterwards. Whereupon, the defendant filed a bill of exceptions; and the plaintiff having obtained a verdict and judgment in his favour, *Blinn* brought a writ of error before the Superior Court, complaining of error in the judgment of the County Court, on the ground of the rejection of the evidence. The Superior Court affirmed the

In an action on a promissory note, the defendant pleaded, that after the execution of the note, and before the commencement of the suit, he performed certain services, for the plaintiff, in satisfaction of the debt; and that the plaintiff accepted such services, in full satisfaction. On trial of the issue, after a traverse of the plea, the defendant offered evidence to prove, that before, and at the time of the execution of the note, it was agreed between the parties, that such services should be performed, and accepted, to the amount of the sum due on the note, and in full satisfaction thereof; held, that evidence was admissible.

Nov. 1812.

BLINN
*v.*
CHESTER.

judgment of the County Court; and to reverse this judgment, the present writ of error was brought.

*Dwight*, for the plaintiff in error. He cited *Peytoe's* case, 9 *Co.* 80. in nota. 1 *Vin. Abr.* 131. 133. 1 *Com. Dig.* 135. (*Dub.* edit.) 1 *Bac. Abr.* 45. C. *Allen* v. *Harris*, 1 Ld. *Raym.* 122. *Lynn at al.* v. *Bruce*, 2 H. *Black. Rep.* 317.

*Daggett*, for the defendant in error.

TRUMBULL, J. (After stating the case.) The only question in this case, is, whether the evidence rejected, is by law, admissible and relevant?

This evidence was rejected, apparently, on the ground, that it sets up a parol agreement accompanying the note, which will alter, add to, or change the written contract, or annex to it a parol condition, on the performance of which, the note was to become void. If this be a just view of the subject, the evidence is clearly inadmissible.

The plea states an accord and satisfaction, subsequent to the date and execution of the note. This is, clearly, a good bar. But an accord, without satisfaction, is, in no case, a bar to an action on a written contract; nor is the delivery of a collateral article, or the performance of services, to a sufficient amount to satisfy the demand, any bar; unless it can be shewn, that the plaintiff accepted the same, in full satisfaction, either at the time of the performance, or agreeably to his previous accord and engagement with the defendant.

If the collateral articles be received, or the services performed, and accepted, in conformity to a previous accord proved by the defendant, the plaintiff can never be admitted to deny, that he received them, in full satisfaction. The acceptance in satisfaction, is the whole gist of the defence; but to prove this, it is necessary to produce evidence of the previous accord.

In the present case, the agreement offered to be proved, by testimony, was, of itself, and until a subsequent perform-

ance, wholly void, as respects the note, and could have no effect to vary the obligation it contained, or annex to it any condition. The time when the accord was entered into, is wholly immaterial. The acceptance in satisfaction, must be, from its nature, subsequent to the execution of the note ; it amounts to the plea of full payment, and, if proved, will wholly defeat the plaintiff's right of recovery.

For these reasons, the judgment is erroneous, and ought to be reversed.

REEVE, SWIFT, and INGERSOLL, Js., concurred in this opinion.

MITCHELL, Ch. J., being related, by affinity, to one of the parties, did not judge.

BALDWIN, J. It cannot be questioned, that all parol agreements, made previous to, or at the time of a written contract, on the same subject, are absorbed by the instrument in writing. That must speak the language of the parties, and must be considered as containing the whole contract. Whatever agreement or understanding there may have been between these parties, relative to the payment of the debt in question, so far as it was different from the note, it was, by the note, rendered of no avail, unless fulfilled. No suit could be sustained upon such unexecuted agreement ; nor could it be set up as a defence against the note. The acceptance, also, might always have been refused, notwithstanding the agreement. But, it is a principle equally clear, that a note for money, may be satisfied by labour, if performed and accepted in satisfaction. In this case, it is claimed, that satisfaction has been so made. If made and accepted, it is a good bar, with or without a previous agreement ; but labour performed, or articles delivered to the promisee, cannot be applied, unless received on, or in satisfaction of, the note. Whether they were so received, is a question of fact, which may be fairly inferred, by the jury, from proof of a previous agreement, that if delivered, they should be so received. For this

purpose, the evidence offered was material, and ought to have been admitted.

SMITH, J.    In the argument of this cause, much ingenuity and learning has been displayed, in attempting to get round the plain, well known principle of law, that all parol agreements, made at the time of entering into a written contract, are merged in the written agreement.    But, after all that can be said, on this subject, it must finally come to this, that the note was either to be paid in money or labour.    It is claimed, on one part, that it was to be paid in money ; and the note itself, is relied upon, as proof of this.    On the other part, it is contended, that it was to be paid in labour ; and the only evidence of this, is, a parol agreement.

There could have been but one valid agreement made, on this subject, at the time : But the question is put to us, whether the agreement, as it appears from the note, or that which is claimed to have been made, by parol, shall prevail ? In my judgment, it is perfectly clear, that the note is the only thing to be regarded.    And should a parol agreement be proved, like the one stated, the court would be bound, in point of law, to conclude, that the agreement was altered, or abandoned by the parties, before the note was finally delivered.

Whether this parol agreement is to be set up to destroy the note, directly, or by more indirect means, can make no difference ; since it could have no legal existence, for any purpose.

Therefore, as the agreement, if proved, could have no legal effect, the court did right in rejecting the evidence.

EDMOND and BRAINARD, Js., concurred in this opinion.

Judgment reversed.