## HANNA and Others *v.* EWING and Another.

*A.*, assignee of *B.*, sued *C.* on a promissory note, given by the defendant to *B.* for 197 dollars and 79 cents. Plea of payment to *B.* with notice of set-off. The plea shows that, at the date of the note, *B.* owed *C.* more than the amount of the note. Replication, that *B.* was indebted to *A.* in the sum of 500 dollars, and had a quantity of furs worth 800 dollars, a part of which to the value of 300 dollars, he was about to sell to *A.* in part payment of the debt due him;—that *B.* and *C.* then agreed, with *A's* consent, that *C.* should buy the whole of the furs and give, in part payment, his note to *B.* for 300 dollars, to be transferred by *B.* to *A.* without its being subject to the demands of *C.* against *B.*, and that *C.* would pay the note to *A.*;—that the note in question was made and assigned in pursuance of that agreement. *Held*, on general demurrer, that the replication was good.

Three pleas in bar; issue in fact on the first plea, the second not noticed; replication to the third plea, demurrer to the replication, and judgment for the plaintiff. *Held*, that the second plea, and the issue on the first, should be disposed of before the plaintiff could have final judgment.

ERROR to the *Cass* Circuit Court.

STEVENS, J.—An action of assumpsit was brought by the defendants in error, as assignees of *George Cicott*, against the

plaintiffs in error, in the *Cass* Circuit Court. The declaration contains two counts.

By the 1st count it is averred that the plaintiffs in error, by the firm and name of *Cyrus Taber & Co.*, on the 5th day of *June*, 1830, made their certain due bill, commonly called a promissory note, in writing, by which they promised to pay *George Cicott* 197 dollars and 79 cents, for value received; and the said *George Cicott* then and there on the same day, and before any part of the note was paid, transferred it by endorsement to the defendants in error, of which the makers had notice. The 2d count is a general count in indebitatus assumpsit, for 197 dollars and 79 cents, for money had and received.

The defendants pleaded four several pleas. The 2d of which pleas is non-assumpsit to the 2d count of the declaration, and the 4th plea is non-assumpsit to the whole declaration. On these pleas there are issues to the country. The 3d plea is a general plea of direct payment to the whole declaration; to which there is no replication or answer in any way appearing of record. The 1st plea is a plea of payment under the 26th section of the practice act; and it is averred, in substance, that there were mutual dealings between the defendants, *Cyrus Taber & Co.*, and the assignor of the note, *George Cicott*; and that, at the time they made the promissory note in question, *Cicott* was indebted to them in the sum of 913 dollars and 34½ cents as follows,—by two promissory notes, one for 95 dollars 38½ cents, and the other for 17 dollars 96 cents, and an open account for 800 dollars, 500 dollars of which were for goods and merchandize sold and delivered, and 300 dollars for money lent; and that these sums were all due and owing to them from *Cicott*, at the time they made the promissory note, and are still so due and owing to them; and that therefore they paid the promissory note before they received notice of the assignment.

To this plea the plaintiffs reply, in substance, that the note in question was not so paid by the defendants, because it was not made as a part of the mutual dealings between the defendants and *Cicott*, but was made on a special agreement between *Cicott* and the defendants, with the consent of the plaintiffs, and for the defendants' benefit; and that a good and valuable consideration passed from the plaintiffs to the defendants, as well as from *Cicott* to the defendants, for the promissory note in question as follows—*Cicott* was indebted to the plaintiffs in the sum of

5*

500 dollars, and was possessed of a lot of furs and peltries worth 800 dollars, and was about to pay to the plaintiffs 300 dollars' worth of those furs and peltries, towards the payment of the 500 dollars he owed them, and the defendants proposed that, if *Cicott* would sell them the whole lot of the furs and peltries, they would in part payment thereof give *Cicott* their promissory note for 300 dollars, which *Cicott* agreed to transfer to the plaintiffs, towards the payment of the 500 dollars, instead of the furs and peltries; and that they, the defendants and makers of the note, would not set off any of their claims against *Cicott* in payment of the note, but would pay the amount thereof to the plaintiffs. And in pursuance of, and in consideration of that agreement, *Cicott* sold the whole lot of furs and peltries to the defendants, and they gave *Cicott* the note in question as part towards those furs and peltries, to be transferred to the plaintiffs under the agreement so made as aforesaid, and *Cicott* transferred the note to the plaintiffs accordingly.

To this replication the defendants demurred, and the Court overruled the demurrer, and gave final judgment for the plaintiffs for the amount of their demand.

The errors assigned are: 1st, the Court erred in overruling the demurrer; 2dly, the Court erred in giving final judgment for the plaintiffs' demand over two issues joined to the country, and a plea of payment standing without a replication, all remaining of record undisposed of. The replication in this case, to which the demurrer is filed, is not very well drawn as to form and precision; nor is the language as apt and direct as it should be, but it is substantially good, and the demurrer is correctly overruled. But final judgment should not have been given until the other plea and the issues were legally disposed of. The defendants have a right to be heard on every issue well taken, and if they can sustain any one plea in bar, which is well pleaded to the whole declaration, it is sufficient for them (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. W. Wick* and *J. Rariden,* for the plaintiffs.

*O. H. Smith* and *A. S. White,* for the defendants.

(1) *Riley et al.* v. *Harkness,* Vol. 2, of these Rep. 34, and note (2).