## WALKER *vs.* GRIGGS.

If a part of a letter is admissible as evidence, another part needed to explain that part is also admissible.

Assumpsit, in Webster Superior Court. Tried before Judge KIDDOO, at March Term, 1859.

Plaintiff in error, as executor of Joel Walker, deceased, brought suit against James Griggs, as security, on the following promissory note, viz :

"By 25th December next, we, or either of us, promise to pay Joel Walker, or bearer, twenty-six hundred and fifty-three 50–100 dollars, with interest from date; but if

Walker vs. Griggs.

the principal is punctually paid, the interest to be remitted.   23d Dec., 1840."

(Signed)          J. A. MERRIWETHER,
JAS. GRIGGS, security.

The declaration contained a count on a new promise in writing made within six years before the commencement of the action.

The defendant pleaded payment and the statute of limitations.

Upon the trial, plaintiff offered and read in evidence the note above set out, upon which were endorsed credits as follows: "Received $135 00, May, 1845;" "received $98 00, 23d July, 1845;" "received $138 55, 12th February, 1849;" "received $750 00, 28th May, 1851;" all of which were in the handwriting of J. A. Merriwether, the principal in said note. Also, the following: "Re-" "ceived of J. Adams, administrator of J. A. Merriwether, "deceased, the sum of $1454 77, in full of the amount "decreed to be paid to this note by said administrator, "and in full of the estate of said intestate in the hands of "said administrator; said decree rendered at April term, "1856, of Putnam Superior Court.   October 1st, 1856." "(Signed) John H. Walker, Executor," and which credit was proven to be in the handwriting of J. Adams, the administrator of J. A. Merriwether, deceased.

Plaintiff then offered in evidence two letters, in support of the new promise, relied on to take the case out of the operation of the statute of limitations—viz, a letter from defendant to J. Adams, as follows:

PRESTON, 10th February, 1856.

*Dear Sir:* I have just received yours of the 6th. I regretted very much my not seeing Mr. Walker in Macon; he had just left. I wrote to him from there to be certain to meet me in Eatonton, at March Court; that I was very anxious to see him and try to make some arrangements with him in the notes of Judge Merriwether without suit.

I believe I can give him satisfaction without sueing; for I am truly tired of paying cost and being sued. I would rather greatly settle the matter without further expense. The money raised from the notes on Wesley that is in your hands will all be paid to John H. Walker's claims, but I have promised Wesley that the last note shall go to the payment of the fi. fa. that is open against him, which I believe to be just. I, perhaps, will bring some money with me when I come to Putnam; if so, it will be paid on the Merriwether note. I will pay as fast as I can, without suit, you may rely on it. Don't put me to cost, if you can avoid it it. Write to Walker and try to have the receipt for Carswell & Floyd's note credited on the Branham & King fi. fa.; thus there will be the more money to spare for the Merriwether notes. Please ascertain what is due on that fi. fa. against I come up. Mr. Davis has Mr. Walker's receipt for the note.. Do what you can for me, and it will be highly appreciated by a friend. Let me hear from you.                (Signed)        JAS. GRIGGS.

J. ADAMS, Esq.

Counsel for defendant objected to the second sentence of this letter going as evidence to the jury, on the ground that it was a recital of what was contained in another letter, and that that letter should be produced or its non-production accounted for. The sentence objected to is as follows: "I wrote to him from there to be certain to meet me in Eatonton, at March Court; that I was very anxious to see him and try to make some arrangements with him in the notes of Judge Merriwether without suit." The court sustained the objection, and ruled out that part of the letter, and plaintff excepted.

Plaintiff's counsel then offered in evidence the following letter from J. Adams to defendant, and to which the

Walker vs. Griggs.

foregoing, it was alleged, was a reply, produced by defendant under a notice, viz:

EATONTON, GA., 7th February, 1857.

JAMES GRIGGS, Esq.,

*Dear Sir :* Mr. John H. Walker not having come here as I expected, I have not seen him in reference to the note you left with me on Mr. Wesley Griggs to sell to Walker. I received your message through Mr. John H. Gatewood to sell the note to any one else and not to wait for Walker. I saw Mr. Cullen Reid; he may take it at ten per cent. off, if he can raise the money. Promised to see me again about it. If he will take it at that rate, it will be about the best I can do for you in reference to paying the notes Mr. Walker holds on the late Judge Merriwether and you as his security. I thought it best to write to you about the same before they are put in suit. The decree passed at the last September Court, directing what amount was to be paid by me, as administrator of Judge Merriwether, on said claims in full of all the estate of Judge Merriwether, in my hands; the balance falls on you. The papers will have to be sued, if a definite arrangement is not shortly made to prevent it. I will write to Mr. Walker to-day. How would it suit you to pay the note on Mr. Wesley Griggs on these notes and give your note for the balance, and also get him to indulge you on the fi. fa. ? Or, if Walker is willing, (and I think he ought to be,) give your note for the unpaid balance on these notes on which you are security for Judge M., and give you further indulgence. As it is, I feel bound to write to Walker about the notes, and see what direction he will give in the business. If you and he had met here you might have made some arrangement about these papers; but he not coming, and you leaving before the business was adjusted, leaves me only where Walker put me when he desired the notes to be sued for the unpaid balance. Be pleased to answer this on receipt of it, that

I may know, or otherwise, unless Walker gives a different direction, the papers will have to be put in suit. I hope it will meet Walker's views to give you further indulgence; but that is between you and him. He wanted the papers sued to March Court next for the unpaid balance, and hence I write in order to know what shall be done.                     Respectfully,     J. ADAMS.

Plaintiff then proved that defendant, in answer to the notice served upon him to produce a letter from J. Adams, received by him, and dated 6th *Feb'y*, 1856, stated that he never received such a letter; and that he never received but one letter from him on the subject of the notes upon which he was security for Judge Merriwether. Plaintiffs also introduced in evidence an exemplification of the record of a case in equity, from Putnam Superior Court, from which it appeared that, in 1854, a bill was filed to marshal the assets of the estate of Judge Merriwether, then deceased, and amongst the creditors made parties to said cause was the defendant, and that a copy of the note sued on, with all the credits thereon up to that date, was attached to or filed with said bill. Plaintiff closed.

Defendant offered in evidence a note with the credits thereon, as follows:

"By the 25th December next, we, or either of us, promise to pay Joel Walker, or bearer, five hundred dollars, value received, with interest from date. March 19th, 1851."     (Signed)     J. A. MERRIWETHER,
                                JAS. GRIGGS, security.

Credits endorsed of $206 52, paid by Adams, administrator of Merriwether, the amount decreed to be paid to this note from the assets of his intestate,—dated October 1st, 1856. Also, the following: "Paid by James Griggs the sum of $501 14. March 16th, 1857." These credits were in the handwriting of J. Adams, administrator. Defendant also read in evidence from the exemplification introduced by plaintiff, four copy notes, filed with or at-

tached as exhibits, all dated 19th March, 1851, and made
by Judge Merriwether, as principal, and one signed by
E. Calloway, as security, one by Thomas Clopton, one by
S. Black, and one by James Wrigth, jr., as sureties,
amounting in the aggregate to $1100 00, and all payable
to Joel Walker, or bearer, on the 25th December next
after their date, and closed : counsel went to the jury,
and while counsel for defendant was addressing the jury,
plaintiff's counsel interrupted him, and read in evidence
the Act of the General Assembly, showing that the county
of Kinchafoonee was changed to the name of Webster,
and the county site, McIntosh, changed to Preston, the
25th February, 1856 ; the object being to show that
Griggs' letter to Adams, dated 10th February, 1856, at
Preston, was really written 10th February, 1857.

The court charged the jury, who retired and returned
a verdict for defendant ; whereupon plaintiff moved for a
new trial, upon the following grounds, viz :

First. Because the court erred in ruling out part of the
letter written by defendant to Adams, as before stated :

Second. Because the court erred in charging the jury,
as requested by defendant's counsel, that if they believed
an admission or promise to pay the note sued on had been
made under an offer of, or with a view to, a compromise,
then the defendant was not bound thereby ; the court,
however, adding that a letter written by an attorney, in-
forming the maker of a note that he would be sued if it
was not paid, and a response offering to pay without suit
was not an offer or proposition to compromise.

Third. Because the court erred in charging the jury, as
requested by defendant's counsel, " that if they believed
the debt sued on had been paid, then they should find for
the defendant;" the court, however, adding, " if you can
*find any evidence* to satisfy you that it has been paid :—if
only one note was referred to and one was paid, then they
must be satisfied that it was the note sued on that defend-

ant promised to pay, or his promise was fulfilled, and they should find for defendant.

Fourth. Because the jury found contrary to the charge of the court in this, that the court charged, " that if they believed, from the evidence, that the letter contained an admission, or acknowledgment, or promise to pay the Merriwether notes, it was a promise to pay all the Merriwether notes upon which defendant was security; that the admission, acknowledgment or promise must be clear and unequivocal; but if the particular note was clearly and distinctly referred to, it was sufficient; and if only one note was referred to, and one was paid, then they must be satisfied that it was the note sued on that he promised to pay, or his promise was fulfilled, and they ought to find for the defendant. And if they believed that the letter was written by defendant, in response to the letter of Adams, which was dated 6th February, 1857, then they were authorized to refer to Adams' letter to aid them in ascertaining the meaning of defendant's.

Fifth. Because the verdict was contrary to law.

Sixth. Because the verdict was contrary to the evidence, without evidence, and against the weight of evidence.

The court overruled and refused the motion for a new trial on all the grounds therein taken; whereupon plaintiff excepted, and assigned said refusal as error.

SCARBOROUGH, represented by B. Y. MARTIN, and CLIFFORD ANDERSON, for plaintiff in error.

McCAY & HAWKINS, *contra.*

*By the Court.*—BENNING, J., delivering the opinion.

Did the court below err in overruling the motion for a new trial? We think so.

We think that the first ground of the motion was a

good ground. The sentence that was excluded from the jury was needed to explain the two sentences next following that sentence. The sentence, therefore, was admissible to explain them, if it was not admissible for any other purpose. Whether it was admissible for the purpose of proving the contents of the letter to which it refers, is a doubtful question. We leave the question undecided; as, by the next trial, plaintiff can have the original letter, or, proof to entitle him to secondary evidence of its contents.

It is true, that there was no evidence to authorize the charge mentioned in the second ground, but, then, the court, in the charge itself, as good as told the jury so. In strictness, however, the charge ought not to have been given.

We rather think the same thing true of the first part of the charge contained in the third ground. The evidence is hardly sufficient to warrant a finding that the note had been paid off.

The latter part of this charge was, we think, authorized by the evidence. It is not certain, from the evidence, (Griggs' letter,) that Griggs' promise related to the note sued on. Light, it is probable, would be thrown on this part of the case, if all of the demands of every kind, held by Walker against Griggs, should be put in evidence.

The other grounds turn on the import and value of the evidence. As a new trial will be granted without them, it is best not to decide them.

New trial granted.