LEWIS J. DAVIES, use, &c., plaintiff in error, vs. A. C. FLEW-
ELLEN et al., administrators, &c., of A. H. FLEWELLEN, de-
ceased, defendant in error.

[1.] A judgment against an administrator for a certain sum to be paid out of
specific assets in his hands, concludes him as to the application which is to
be made by him of those assets.   Any other application of them is a *waste*
and in a suit against him or his representatives for such waste, it is no defence
to show that there are other creditors of the first intestate.

[2.] When one party has read in evidence part of a sworn bill, it is the right of
the other party to read such other parts as illustrate the same issue.

Debt.   Decided by Judge WORRILL, June Term, 1859, of
Muscogee Superior Court.

At the July Term, 1842, of the Inferior Court of Muscogee
county, L. J. Davies sued A. H. Flewellen, as the administra-
tor of N. H. Harris, on a note made by Harris.   The admin-
istrator filed a plea to the action, in which he set out, that
the only assets he had in hand, belonging to the estate of
Harris, were certain notes.   It was not plead that there were
any other creditors of Harris.

At the April Term, 1843, of the Superier Court, on the ap-
peal, a verdict and judgment was rendered in favor of Da-
vies against Flewellen, administrator, for the amount of his
debt, to be recovered out of the notes admitted by the plea to
be in the hands of the administrator.

At the December Term, 1854, of the Superior Court of
Muscogee county, Davies, for the use of Kookagey, sued A. C.
Flewellen *et al.*, the administrators of A. H. Flewellen, on
the judgment above mentioned, suggesting a *devastavit*.

Upon the trial of the case, the plaintiff offered in evidence
a part of a bill filed and sworn to by A. C. Flewellen, to show
that the notes specified in the judgment had been collected
by his intestate, which was admitted without objection. The
defendant then offered so much of the same bill as related
to that point which went to show that certain of the notes spe-

cified had not been collected, and the excuse therefor. To this the plaintiff objected. The Court allowed that part of the bill to be read, and the plaintiff excepted.

The defendant then offered in evidence two notes made by N. H. Harris, in his lifetime, one in favor of H. S. Smith, and the other in favor of H. K. Hill ; to the introduction of which notes in evidence the plaintiff objected. The Court admitted the notes in evidence, and the plaintiff excepted.

The Court charged the jury, that they must find the amount of the assets in the hands of the defendants, belonging to Harris's estate; you will then find the amount of the debts proven to be due by that estate; then if you find for the plaintiff, you will find for the plaintiff his *pro rata* share of those assets. To which charge plaintiff excepted.

JONES & JONES, for plaintiff in error.

JOHNSON & SLOAN, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

[1.] The judgment which Davies had against Abner Flewellen, as administrator of Harris, settled two things—the amount of his debt against Harris, and that it should be paid out of the assets specified in the judgment. If Flewellen had notice of other creditors, he was bound to have pleaded the fact before judgment; and the judgment is conclusive against him, that he had no notice of any. If there were creditors who had not given notice, they could not disturb that judgment by notice afterwards. When an administrator, after the expiration of the twelve months has authorized him to begin the payment of debts, and rendered him liable to be sued, pays a debt or has a judgment to go against him, no creditor can disturb that payment, or that judgment, by a subsequent notice of his claim. In this case it was *res adjudicata*—the sum due to Davies, and the assets which were to be applied to it. Any other application of these assets

would have been a *waste.* In the subsequent suit, therefore, against the administrators of Flewellen, for such waste, the only question was, what had he done with those assets? He would defend himself, or his representatives could defend him, only by showing that those assets had become unavailable without his fault, or perhaps by showing that they were still existing, and ready to be applied to the judgment. It was, therefore, illegal to admit evidence on the part of these defendants, concerning any other debts against Harris. Another reason for the same conclusion is, that the admission of such evidence, and the *pro rata* distribution of the assets among all the creditors of Harris, according to the charge of the Court, was simply administering the estate of Harris, not by his own administrators, but by those of Flewellen. It follows that the charge of the Court was erroneous as well as the admission of the notes in evidence.

[2.] We think there was no error, after the plaintiff had introduced part of a bill in evidence, in allowing the defendants to read other parts of the same bill relating to the same issue.

Judgment reversed.