### Sciple *vs*. Northcutt.

1. In order for a party to use in evidence an admission made by his adversary in a sworn original bill filed by the latter against the former in another case, it is not incumbent upon him to bring in with the original bill an amendment which was made thereto while the bill was pending.   If the amendment is proper evidence in consequence of the original having been introduced, it should be offered by the adversary in rebuttal or reply.   In the present case, it does

not appear that the amendment was so offered, except upon terms voluntarily agreed upon by the parties, and then it was not excluded but admitted.

2. When it may be fairly presumed, taking all the circumstances into consideration, that full diligence in preparing the case for trial would have led to a timely discovery of the new facts and of the residence of the witness, ignorance of either or both until after the case was tried and lost, will not be cause for a new trial.

Evidence. Practice in the Superior Court. Admissions. New trial. Before Judge McCUTCHEN. Bartow Superior Court. November Adjourned Term, 1877.

On September 25, 1871, Northcutt recovered a judgment against Sciple for $750.00 principal, with interest and costs. Sciple held Hooper's receipt, who was the plaintiff's attorney, for $650.00 on this claim, dated on the day after the judgment. Execution was issued for the entire amount, and Sciple paid up the balance over the $650.00, and filed an affidavit of illegality alleging payment. The sole issue, therefore, presented for determination was whether the aforesaid receipt for $650.00 was binding on the plaintiff.

For the purpose of showing that the payment was not made in money, plaintiff introduced in evidence a bill filed by defendant against plaintiff and his attorney, Hooper, to enjoin the execution now in controversy, in which defendant charged that he paid Hooper in work and labor for him, under an agreement that he was to have credit therefor on this claim, and that under this agreement the receipt was given. The bill was sworn to.

To this testimony defendant objected, unless accompanied by a sworn amendment subsequently filed. The court overruled the objection. Counsel then agreed that the bill, amendment and answers, should all go to the jury.

A verdict was returned in favor of the plaintiff. Whereupon defendant moved for a new trial because of error in the admission of the bill under the circumstances aforesaid, and because of newly discovered evidence, embraced in the affidavit of Hooper, to the effect that in 1870,

plaintiff placed in his hands two notes for $750.00 each, against Sciple, for collection; that the first of these notes was paid in stock-logs and   *   *   *.   That this was fully ratified by plaintiff and deponent settled with him therefor; that when the second note matured deponent sued it to judgment, and defendant settled the judgment in the same way, deponent giving to him his receipt for about $650.00; that plaintiff looked to deponent for the money, called on him therefor, and he paid him $150.00; that defendant has paid off this judgment in good faith so far as plaintiff is concerned, and it was so understood by plaintiff, who held deponent responsible for the money, but still sought to enforce his judgment.

Numerous affidavits were filed to show that this evidence was newly discovered, etc.   It was established that Hooper left the state in the summer or fall of 1875, and that neither defendant nor his counsel knew to what point he had gone, and that defendant had inquired of divers persons to obtain this information and failed.   It also appeared that Hooper had two brothers-in-law residing in the county of the litigation, where defendant's counsel lived, and where defendant some few years ago resided periodically, who were informed to what point he had gone, though defendant and his counsel both testified that they did not know of this relationship.

The motion was overruled, and defendant excepted.

W. R. STANSELL, for plaintiff in error.   On admissibility of bill without amendment, *Armstrong vs. Lewis*, present term.   Ratification of act of attorney, Code, §§2192, 2864. Newly discovered evidence, 31 *Ga.*, 128; 41 *Ib.*, 657.

A. P. WOFFORD; J. W. JOHNSON, for defendant.

BLECKLEY, Justice.

1. The bill offered in evidence was the original, not a copy or exemplification, and appertained to the same superior

court in which the trial of the illegality took place. It was thus a writing, complete in itself, and the identical writing in which the admission sought to be proved was made. The question is, whether the plaintiff in the *fi. fa.*, who was defendant in the bill, could introduce it in evidence without offering at the same time an amendment which, as was insisted, modified or explained the admission. It does not appear that the amendment was annexed or attached to the bill, or written on the same paper, and hence we may suppose it was not a *physical* necessity that the bill and the amendment should be produced by one and the same act, or one and the same party. Most probably they were separate instruments, though connected in meaning and purpose. Assuming this to be so, we think the plaintiff in *fi. fa.* was not obliged to introduce both documents in order to get the benefit of an admission contained in one of them. If, in consequence of the original being in evidence, the amendment was also admissible, it should have been offered by the appropriate party in rebuttal or reply; as was done in the case of *Armstrong vs. Lewis,* this term, where, after admissions in the original answer had been read by the complainant, explanatory statements contained in an amendment to the answer were tendered by the defendant, and were held by this court admissible. It seems that in the present case this course was not pursued or attempted, except as the result of some consent arrangement between the parties, and that by virtue of the consent, the amendment was admitted, and the defendant in *fi. fa.* had the benefit of it as evidence. The complaint seems to be that he had to buy its way in ; but, though the court would not compel the plaintiff to frank it through in company with the original bill, there is no certainty that the defendant might not have procured for it a free pass if he had requested the court to open the way to it as his evidence. Instead of doing this, he chose to bargain with his adversary, and have it admitted on terms. It appears from the record that the original bill was sworn to by the complainant in person, on March 2, 1872,

and the amendment on April 8, 1872. That a sworn bill is evidence against the complainant in a court of law, see 3 Greenleaf's Ev., §274.

2. The new evidence was that of the attorney to whom the alleged payment was made. The fact of payment must have been known from the time it occurred, and as it was made otherwise than in cash, when the attorney's general authority was to receive cash only, (see Code, §409), there should have been due diligence in ascertaining whether any enlargement of that authority had taken place by ratification or otherwise. Most probably, the presiding judge could not help believing, under all the circumstances, that if due diligence had been used, not only all the facts, but also the residence of the attorney, would have been discovered in time for the trial. When a debtor partly pays off a judgment to the creditor's attorney in the way this is said to have been paid, he ought not to lose sight of the attorney for some years thereafter, unless he has other evidence that the creditor authorized or ratified the payment. It might not be his duty to employ a special watchman to keep the attorney from getting lost, but a very high degree of diligence in looking to his whereabouts should be exercised.

Judgment affirmed.