## JONES *vs.* GRANTHAM.

1, 2. Though while the declaration is imperfect the case be in default, after the declaration is perfected by a material amendment the defendant may plead instanter to the matter of the amendment without paying costs. And the right to amend such plea after it is thus filed is governed by the general law applicable to the amendment of pleadings.

3. Tax books showing the return of other lands for taxation by the party holding an absolute deed from the opposite party to the premises in dispute, such return not including these premises, are admissible in evidence, in a proper case, to throw light upon whether the deed was taken for permanent ownership or only as security for a debt.

4. A written contract for the payment of money by a given day, may be varied by a subsequent parol contract changing the medium of payment, in whole or in part, and if payment be actually made and accepted accordingly, the written contract will be treated in equity as fully performed.

5. To introduce in evidence part of a writing, such as a bill in equity, and withhold from the jury the balance of the instrument, it is at least necessary to point out definitely the part offered, that is, the pages, paragraphs, sentences or words. When this is not done, the whole or none should go to the jury.

6. The correctness of the verdict as to matters of fact depending on the credibility of the prevailing party as a witness, and it not appearing that the element of estoppel in the adverse evidence, as a matter of law, was insisted upon or even presented to the court on the trial, or on the hearing of the motion for a new trial, the refusal of a new trial will not be disturbed.

7. If section of the code, 3560, as to specifying the plea or pleas on which the finding for defendant was based, applied to this case in the court below, the omission of plaintiff to suggest its application before the verdict was received, is an answer to his motion for a new trial on that ground. Whether the section does apply where the trial is had solely upon matter pleaded as equitable defence—*quære?*

March 23, 1888.

Pleadings. Amendment. Costs. Tax. Evidence. Contracts. Payment. Verdict. New trial. Practice in Supreme Court. Before Judge KIBBEE. Pulaski superior court. May term, 1887.

Reported in the decision.

GRICE & WINSLOW, for plaintiff.

MARTIN & COCHRAN, for defendant.

BLECKLEY, Chief Justice.

In October, 1885, Grantham, having mortgaged certain land, applied to Jones for the means to pay off the mortgage, amounting to $150, with some few days interest at eight per cent. Jones agreed to furnish the amount, and did furnish it; whether by way of loan to Grantham or by way of direct advance to the mortgagee, is in dispute ; that is, whether he loaned the money to Grantham, or merely paid off the mortgage for him, is controverted. The sum actually paid to satisfy the mortgage was $140; but including what Jones paid to an attorney for drawing up the deed, the outlay was $150. Thereupon Grantham made an absolute deed of conveyance to Jones for the premises now in dispute. The deed recites a consideration of $150 paid. Immediately thereafter, Jones executed to Grantham an instrument in writing, not under seal, in which he agreed to reconvey, provided Grantham paid him $180 by the 15th of October in the next year. The time fixed being of the essence and having expired, Jones sued out a process to remove Grantham from the premises as a tenant holding over. Grantham and wife thereupon filed a bill against Jones, alleging that Grantham was poor and unable to give security to resist that process, and prayed for an injunction. The bill alleged that the transaction was usurious, but that, nevertheless, Grantham, on the 16th of October, had by the aid of a friend made a tender of the whole $180, and that Jones refused to accept it; and the bill went on to continue the tender, and prayed that Jones be decreed to accept it and make a reconveyance of the property. There were other facts in the bill, but this was its important feature. Upon that bill the judge granted

a restraining order, with an order to show cause why an injunction should not be granted, making the order to show cause returnable in November following. The order was served on the 23d, and on the 26th of October, 1886, Jones brought this action of complaint against Grantham to recover the premises. It is the statutory action of complaint, and not a regular action of ejectment. When the time arrived for showing cause, the same being after this action was brought, Jones answered the bill, and in his answer accepted the tender, saying he would take the money. The bill is still pending, no further proceedings upon it appearing. At the regular trial term, the action of complaint came on for trial. There had been no plea filed, and no appearance; the record recites that the case was then in default. But the declaration had no abstract of title annexed, and the plaintiff amended by annexing such an abstract, which consisted solely of a reference to this deed from Grantham to himself. When that amendment was made, Grantham filed a plea, in which, as an equitable plea (so it says on its face) he alleged that the deed was given as a security for a debt, and specified the amount of the debt and the amount of the usury, and set up the usury and the fact that the deed was usurious, as a defence. The trial proceeded, and resulted, after some amendments to the plea, in a general verdict in favor of Grantham.

1. One of the grounds of the motion for a new trial is that the court allowed this plea to be filed without the payment of costs. The plaintiff, treating the reception of the plea as the opening of a default, insists that according to the rules of court, the payment of costs ought to have been exacted. It will be observed that the plea went to the matter that was brought in by amendment. It went to a deed which did not appear upon the record before the amendment was made; and we think the general rule for opening a default does not apply; that after the plaintiff perfected his declaration, the defendant could plead to it without the

payment of costs; certainly so unless the court thought proper to exact the payment as a condition. What we hold is, that the costs were not absolutely and unconditionally payable in order to entitle the defendant to make a defense as against that deed, the same having been brought in by amendment, and the plea being filed as soon as the amendment was made.

2. It is very obvious that the plea as an equitable plea was not good. It made no tender of the principal and legal interest of the sum admitted to have been borrowed. So that usury, though a defense at law, was no defense whatever, in equity, as the plea then stood. But the parties did not take this view of it; they went on to trial upon the plea as though it were sufficient. The plaintiff made out his case, the defendant introduced all his evidence, and the plaintiff a portion of his in rebuttal; after which the defendant proposed to amend, and did amend his plea, by alleging the payment in full of the $180, the whole amount, within the time fixed by the contract. He alleged that by a subsequent contract in parol, the plaintiff became indebted to him in various items for work, cash, etc., setting out his account; and the allowance of that amendment is the matter of the second ground of the motion for a new trial. But connected with it is the third ground, which allowed an amendment to the amendment; and it is said that after all this evidence was in, etc., it was too late to amend, especially without exacting costs or putting the defendant upon terms; which the court did not do. We think these amendments came within the words of the statute allowing a party to amend at any stage of the cause. As there had been some pleading within the proper time, according to what we have ruled under the first head of this opinion, it could be built upon throughout the trial, on such terms as the court thought proper, under all the circumstances, to prescribe. Code, §§3479, 3482. The court did not see fit to impose terms, and we do not think there was any abuse of discretion in failing to do so, or in allowing

the amendments, although it was certainly extending the rule of free amendment very far.

There are some little hairs in the record on this subject of amendment, which are so trivial that I cannot consume time by picking them out. They are of no consequence.

3. In the course of the trial, the defendant offered in evidence the tax books of 1886, from which it appeared that the plaintiff gave in for taxation other lands, but did not give in this land. It is said that the tax books were irrelevant. We think not; because on the plaintiff's theory, he was the absolute owner of the land. He denied making any loan, or any contract to reconvey until after the deed to him was delivered. He contended that he purchased out and out; that the deed to him was made as absolute title for permanent ownership, and not as security for a debt. Upon that question, we think the tax books in which he returned other lands but did not return this would throw some faint light. It is a mere glimmer, but enough to make the evidence relevant.

4. The next ground of the motion is in these words: "That the court refused to allow plaintiff to put in evidence so much only of the bill filed by Grantham and wife against Jones as contained the tender to Jones of the amount due him; the court holding that the plaintiff must put in all or none; that he might read such portions of the bill as he desired, but if he put in part of the bill, the whole bill would be before the jury; after which ruling the plaintiff put in the entire bill."

The statement of the facts in this ground of the motion is all the information we have as to what transpired. We cannot ascertain from the record what paragraph or paragraphs, sentence or sentences in the bill were offered in evidence by the plaintiff. How much of the bill may be said to contain the tender to Jones of the amount due him, may be matter of opinion. If we had, marked off in the bill, such and such passages, such and such parts, or some definite part of that bill as offered in evidence and

rejected, we could then determine whether the court erred or not. But if the plaintiff did merely what this ground of the motion for a new trial indicates, presented the paper and said to the court, " I offer so much of this," etc., without pointing it out, we think the court did right, upon that vague tender of evidence, to say that the counsel might put in the whole bill and read what parts he chose, but could not put in part of it only. The proper way, we apprehend, was for him to mark out or point out the exact passage or passages in the bill that he wanted to use in evidence, and to offer that precise matter; and then, if the court had rejected it, very likely the rejection would have been error; that is, if the offer included everything in the bill touching the tender. But as this ground of the motion comes to us, we are unable to say that the court erred in not permitting the plaintiff to do what he sought to do.

On this subject of introducing a part of a document, some authorities have been examined and are here cited. But it is unnecessary to discuss or apply them on this occasion, because whatever the law may be with regard to admitting part of an instrument and withholding the balance, we are sure that if a part only be tendered, that part should be distinctly pointed out, and all of the instrument necessary to make that part fully and correctly understood should go to the jury and be considered. See *Davies vs. Flewellen,* 29 *Ga.* 49; *Sciple vs. Northcutt,* 62 *Ga.* 42; *Heard vs. Russell,* 59 *Ga.* 25 ; *Armstrong vs. Lewis,* 61 *Ga.* 680; 3 Greenleaf Ev. §§274, 281; *Banks vs. Darden,* 18 *Ga.* 318; *Vischer vs. Talbotton Branch R. R. Co.,* 34 *Ga.* 536; *Anderson vs. Pollard,* 62 *Ga.* 46; *Lester vs. Insurance Co.,* 55 *Ga.* 475; *Walker vs. Griggs,* 28 *Ga.* 552; *Munroe vs. Phillips,* 64 *Ga.* 33 ; *Dowliny vs. Feeley,* 72 *Ga.* 559 ; *Henderson vs. Francis,* 75 *Ga.* 178.

5. The court charged the jury: " If you believe from the evidence that, after the execution of the deed from Grantham to Jones and the contract or agreement of Jones

to reconvey, Jones and Grantham entered into another agreement, in which Grantham was, in work or money, or both, to pay Jones the amount of $180 before the expiration of the date fixed; and that Grantham did, in money or labor, pay the full amount stipulated, which was accepted by Jones, then the plaintiff could not recover." This charge covers the substance of the plea as finally shaped by amendment. There certainly can be no reason why a simple contract payable in money may not subsequently be changed by parol agreement of the parties as to the medium of payment, so as to make labor or anything else, in whole or in part, a discharge; and if it be performed according to the new agreement and the performance be accepted, such full performance will operate as a discharge. We think there is no substantial merit in this ground of the motion, though it may be that the transaction ought to be called accord and satisfaction rather than payment. Blinn vs. Chester, 5 Day, 359; Louden vs. Birt, 3 Ind. 566; Sinard vs. Patterson, 3 Blackf. 35; Payne vs. Barnett, 2 A. K. Marsh. 312.

The next ground treats of instructions to the jury how to deal with the subject in the event they found that this subsequent agreement was made and only partly performed by Grantham; but whether these instructions were right or wrong makes no difference, the jury having found in favor of Grantham generally. They did not base their verdict upon the part of the charge of the court that relates to incomplete payment, but upon the part which relates to complete payment; so it is unnecessary to rule further touching this ground of the motion for a new trial.

6. The usual grounds that the verdict is contrary to law and the evidence are here for our consideration, and we have considered them. The record makes a very powerful case in favor of the losing party; but if the prevailing party testified truly, justice has been done; and a jury of the vicinage have decided that he did so testify. The judge who presided at the trial has yielded to their finding as to his credibility, and so must we.

It is urged that the tender, as made in the bill, especially after its acceptance in the answer, would operate as an estoppel in law, and therefore that the verdict was wrong. If that theory be sound, it ought to have been presented in the court below. The estoppel, if any, ought to have been urged there, but neither in the motion for a new trial nor elsewhere in the record is there any indication that the question of estoppel was presented to the court or to the jury; and for that reason, we do not deal with it here. To take the benefit of an indirect or incidental estoppel not pleaded, it must be insisted upon at the proper time.

7. The final ground of the motion is, that the jury did not specify in their verdict on which of the pleas it was found. There was no objection made in the court below to receiving the verdict because of this omission. See *Dalton vs. Drake*, 75 *Ga.* 115, and other cases. Besides, the pleas, if more than one, were equitable pleas, and where the whole of the defence is equitable, none of it legal, the requirement of section 3560 of the code as to the form of the verdict is of doubtful application. In equity, the entire answer is taken together and treated as one defence.

Judgment affirmed.