WILLIAM MARSHALL *versus* JOHN BAKER.

The rule, that parol evidence is not to be received to vary a written instrument, excludes all previous and contemporaneous declarations; but it does not exclude independent and collateral agreements, made after the contract is completed, whether on the same occasion or at a subsequent time.

Such testimony is received to prove that the written contract to which it refers, has become inoperative by reason of a subsequent and independent one.

If a fact, proper for the consideration of the jury, has been submitted to them, their verdict will not be set aside unless there is satisfactory evidence that justice has not been done.

ASSUMPSIT on a note for $26,98, payable to the plaintiff or order, dated Aug. 14, 1830, in one year from date with interest, and signed by said Baker and Eben Vose. To this note there was a subscribing witness. Plea, the general issue. By leave of Court, the name of Vose was stricken out of the writ, there having been no service on him. The defendant introduced a receipt of the following tenor :

"Hallowell, 9 Sept. 1830. Rec'd of Thomas Arnold ten dollars in part of the amount which I paid as his bail in the action in favor of Brooks & Means against him. Also, four dollars in part of the costs of suit. WM. MARSHALL."

The defendant then called Joseph Cutler, who testified that said note was given for a debt in which Vose and Marshall were bail for Thomas Arnold to said Brooks & Means; that said Marshall wanted Vose to secure him for the money he had paid as Arnold's bail, said Marshall having paid the whole debt and costs; and that said Vose procured the defendant to sign the note in suit; that after said note was signed, and before they separated, said Baker asked said Marshall if he would give him up said note if he would show him property of said Arnold, and that Marshall replied that he would. This testimony was objected to, but received.

It appeared from the testimony of Samuel Nelson, that the plaintiff brought him a writ in his favor against one Arnold, in the fall of 1830, he being then constable of Hallowell; that the defendant came with Marshall; that Marshall requested

Marshall *v.* Baker.

him to attach some iron as Arnold's property on the writ, which he did, and held the iron in his custody during the day; that by the direction of Marshall or his attorney, he released the iron, they having adjusted the suit, as they said; that Arnold denied the iron belonged to him, but said it belonged to one Sylvester; that Baker told Marshall to hold on to the iron, and said, as was the impression of the witness, that he would indemnify him if he failed. The iron was worth from thirty to forty dollars.

Upon this evidence, WESTON C. J. by whom the cause was tried, instructed the jury that if the note in suit was received by the plaintiff as collateral security for the money he paid for Arnold, he might still pursue his remedy against him; but if as payment, that debt was discharged. That it appeared that the parties supposed that the plaintiff had still a right to call on Arnold, and that if he agreed with Baker that he would give him up his note if he would show him property of Arnold's, it must be understood that the property thus to be shown should be made available to the plaintiff in payment of his debt. That if they were satisfied from the evidence of Nelson that Baker did show the plaintiff property of Arnold, that the plaintiff attached it, and that afterwards the suit was adjusted by a payment of the plaintiff's demand, the note was thereby, by his agreement, discharged, and the plaintiff was not entitled to be paid a second time. That if the amount of the receipt was all the plaintiff realized by this attachment, that amount only was to be allowed the defendant. He further left it to the jury to determine what was to be understood from the statement of the deponent that the suit was adjusted. The jury returned a verdict for the defendant.

If the testimony of Cutler, which was objected to, ought not to have been admitted, or if the instructions given were erroneous, the verdict is to be set aside, and a new trial granted; otherwise, judgment is to be rendered thereon.

*Wells,* for the plaintiff. The evidence of Cutler should not have been received. It does not show payment, but only a different contract made at the time of giving the note. The

assumption in the instructions that the note was received as collateral, had no foundation in the testimony. The debt which Marshall held against Arnold was discharged, however the parties might consider it. This note was negotiable, and was intended as payment to the plaintiff, it being for the amount due him. The expression, that the suit was adjusted, is no evidence of payment. The receipt given implies that the note was not paid.

*Tenney*, for the defendant. The giving of the note did not discharge the liability of Arnold. Marshall gave no discharge to Arnold. He might look to the note. He was not compelled to look to Arnold. The agreement then was made, that if property were shown which could be attached, he should, as bail, look to Arnold for the benefit of the defendant. Whether performance of the agreement made could have been compelled, is immaterial, inasmuch as having been performed, it constitutes a good defence.

The meaning of adjusted, if used alone, should be explained by the Court; but here, the word is to be taken in connexion with all the attendant facts in the case, and its meaning was properly submitted to the jury.

The opinion of the Court was delivered by

SHEPLEY J. — The witness, Cutler, states, that the promissory note in suit, was made by Ebenezer Vose and the defendant, as his surety, to the plaintiff to secure him for money which he had paid as bail for Thomas Arnold. Whether the plaintiff became bail at the request of Vose, and received the note for the whole amount paid, or only jointly with Vose at the request of Arnold, and received the note for the half, which Vose should have paid, the case does not clearly state. The testimony of Cutler would seem rather to favor the former supposition, for he does not speak of the note as given for any portion of the amount paid, but " to secure him for the money he had paid as Arnold's bail." Cutler also states that " Baker asked Marshall, that if he would show him property of said Arnold he would give him up said note, and said

Marshall replied, that he would." It is insisted, that this testimony was inadmissible because it varies the terms of a written agreement and makes a different contract for the parties. This parol agreement is stated by Cutler to have been made " after said note was signed and before they separated." The rule, that parol evidence is not to be received to vary a written instrument, excludes all previous and contemporaneous declarations, but it does not exclude independent and collateral agreements made after the contract is completed, whether on the same occasion or at a subsequent time. Such testimony is not used to vary the terms of the written contract, but to prove, that it has become inoperative by reason of a subsequent and independent one. The plaintiff, after he had obtained the note, might agree to deliver it up on the performance of some act by the defendant, and the testimony that he did so, could not be legally excluded. And such an agreement, proved and executed on the part of the defendant, would prevent a recovery on the note.

It is said, that the presiding Judge was incorrect in assuming, that the note might have been taken as collateral security for the amount, which the plaintiff had paid for Arnold, and that he should not have submitted it to the jury, whether they would so find. It appeared from the testimony, that the plaintiff had consented to treat it as collateral by making an agreement with the defendant to proceed against Arnold on his original claim, and by actually bringing a suit against him after receiving the note and collecting a part of the amount of it. This was sufficient to justify, if not to require the submission of that question to the jury.

The instructions relating to the attachment of the property and to the adjustment of the suit submitted the question properly to the jury, whether the whole or a part only of the debt had been paid. The testimony, that the whole was paid, is not very satisfactory. It rests principally on the testimony, that property of sufficient value to pay the debt and costs was attached, and that the suit was settled by the plaintiff or by his order. It might not be in the power of the defendant to

prove the terms of that settlement. While the plaintiff might be presumed to be able to prove the amount, which he actually received. The receipt of the 9th of September, is supposed to exhibit it, but it does not without explanation necessarily prove, that no more was obtained by that suit and attachment. The defendant having shown, that sufficient property was attached and that there was apparently no difficulty in causing it to be applied to the payment of the original claim of the plaintiff, and that he caused the suit to be settled; the Court is not authorized to set aside the verdict, for there is no satisfactory evidence that justice has not been done.

*Judgment on the verdict.*