Bannon vs. C. Aultman & Co.

80  307
92   27
80      307
f110    ²368

BANNON, Respondent, vs. C. AULTMAN & Co., Appellant.

*September 30 — October 20, 1891.*

*Written contract: Parol evidence of new agreement: Sale of chattels: Authority of agent: Evidence: Immaterial error.*

1. Parol testimony is admissible to prove a new agreement changing or superseding a prior written contract.

2. An agent of a threshing machine company, empowered to make sales generally in a given territory, has implied authority, upon the refusal of a purchaser to accept a machine under the written order and contract of sale, to make an oral agreement that if the purchaser will retain and pay for the machine he may have a longer time for testing it than that stipulated in the written contract, and that if it does not work satisfactorily the money and notes given will be returned. And such agreement will bind the company, although upon the original order or contract was a notice that no verbal agreements of any kind appertaining thereto would be recognized, and that all agreements must be in writing.

3. The answer of the company having admitted the authority of the agent to make the sale, an error, if any, in the admission in evidence of an affidavit, made by its attorney and used on a motion for a continuance, stating that the person making the sale was the agent of the company, is immaterial.

APPEAL from the Circuit Court for *Dane* County.

Action to recover the consideration paid by the plaintiff for a threshing machine which, it is alleged, failed to fulfil the representations and warranty of the defendant with respect thereto. The facts will sufficiently appear from the opinion. There was a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Morris & Morris*, attorneys, and *Burr W. Jones*, of counsel, and oral argument by *Charles M. Morris*. They contended, *inter alia*, that the plaintiff, having signed and delivered a specific, clear, and exclusive order and contract to the defendant, prepared upon one of the defendant's printed blanks, was

charged with notice that this contract was all the contract which the agent had authority to make. See *Davis' Sons v. Robinson*, 67 Iowa, 355; *Wood M. & R. M. Co. v. Crow*, 70 id. 340; *Nichols, S. & Co. v. Wyman*, 71 id. 160; *Furneaux v. Esterly*, 36 Kan. 539; *Bomberger v. Griener*, 18 Iowa, 477; *Nichols, S. & Co. v. Larkin*, 79 Mo. 264; *Acker v. Kimmie*, 37 Kan. 276; *Champion Mach. Co. v. Mann*, 42 id. 372; *Nichols, S. & Co. v. Knowles*, 31 Minn. 489; *Ætna Ins. Co. v. N. W. Iron Co.* 21 Wis. 464; Mechem, Agency, secs. 347–9; *Fairfield v. Madison Mfg. Co.* 38 Wis. 346. The trial court erred in refusing to admit as a part of the contract the clause appearing below plaintiff's signature, "No verbal agreement of any kind appertaining to this order will be recognized. All agreements must be in writing;" and in permitting the plaintiff to testify that he never read or had his attention called to this clause until after the commencement of the action. *Benedict v. Cowden*, 42 N. Y. 396; 1 Daniel, Neg. Inst. secs. 149 *et seq.*; *Morrison v. P. & C. Const. Co.* 44 Wis. 405; *Steer v. Liverpool, N. Y. & P. Steamship Co.* 57 N. Y. 1; Wade, Notice, sec. 43.

For the respondent there was a brief by *F. J. & C. F. Lamb*, attorneys, and *John M. Olin*, of counsel, and oral argument by *C. F. Lamb*. As to the agent's authority to make the new agreement, and to the point that his private instructions could not be binding upon the plaintiff because not brought to his knowledge, they cited Story, Agency, secs. 58–61; *Pitsinowsky v. Beardsley, H. & Co.* 37 Iowa, 9–14; *Pickert v. Marston*, 68 Wis. 465–7; *Bentley v. Doggett*, 51 id. 224; *Bouck v. Enos*, 61 id. 664; *Talmadge v. Bierhause*, 103 Ind. 270; *Flatt v. D. M. Osborne & Co.* 33 Minn. 98; *Boothby v. Scales*, 27 Wis. 626–635; *Mallory v. Mariner*, 15 id. 172; *Pickering v. Busk*, 15 East, 38–43; *Hatch v. Taylor*, 10 N. H. 538; *Tice v. Gallup*, 2 Hun, 446; *Nelson v. Cowing*, 6 Hill, 336.

. COLE, C. J.  In this case the plaintiff seeks to recover the consideration which he has paid for a thresher which the defendant company sold him with an express warranty that with proper use and management the machine would do as good work as any other of its size made in the United States.  The plaintiff claims to have fairly tested the machine, and found it defective and not fulfilling the warranty, so he returned it to the place and person where it was received.  He gave two negotiable promissory notes for the purchase money, one of which he has paid, and the other has been negotiated, so that he is liable to pay it to the holder and owner.  He sues for the full consideration paid and agreed to be paid, and his right to recover that amount cannot, under the circumstances, be disputed, unless he has lost the right by failing to do something which the contract required him to do.  The ingenious counsel for the defendant has assigned twenty errors to the rulings of the court below, and which he relies on for a reversal of the judgment; but it will not be necessary to notice them in detail.  Our view of the main question involved will practically dispose of the case.

The defendant admits in its answer that the machine was sold by E. L. Phelps, its agent, to the plaintiff, at Madison, and that Phelps had authority to make such sale, having the charge of the machine and the right to offer it for sale and to sell it.  The plaintiff signed a printed order or contract for the machine, which contains the conditions of the sale as first made.  The material clause of this contract provides that if inside of five days from the day of the first use the machinery shall fail to fulfil the warranty, written notice shall be given the defendant company and also the local agent from whom the same was purchased, stating wherein it failed to fulfil the warranty, and a reasonable time allowed them to get to the machine and remedy the defect.  If the machinery could not be made to fill the war-

ranty, the defective part was to be returned to the place where received, and another furnished which would perform the work, or the money and the notes given for the purchase price returned.

The machine was delivered to the plaintiff about the 26th of July, 1888, and was set up for use on the 6th of August. On the first day's trial the machine proved defective in many important respects. The agent, Phelps, was present in the afternoon of the day, and was informed of the defects and what parts had broken. He looked the machine over, said it was properly set up, and suggested some changes. But the machine did not work well when these changes were made, and it never, in fact, was changed or repaired so as to do good work as a thresher. This the testimony most clearly and conclusively proves. At the day of the trial of the machine the plaintiff had not accepted it, except conditionally, and had not given his notes for the purchase money. When urged to settle and give his notes according to the contract, he positively refused to do so, told the agent he was not satisfied with the machine, that it did not do good work, offered to take it back to the place where he received it, or told the agent he surrendered it to him where it was, and that he was through with it. The agent then said to the plaintiff that he would give a longer time to try the machine than the contract allowed,— that he would give all the time the plaintiff wanted for the purpose,— and that the defects would be remedied and the machine made to work satisfactorily, or, if not, the machine might be returned and the notes and money would be given to the plaintiff.

This is the plaintiff's version of the new contract which was then made. It is obvious that it changed materially, or rather superseded, the terms of the written contract, and all the testimony tending to prove it was received by the court against the objection of the defendant. Was the

testimony admissible? It is insisted that it was not, (1) because it tended to change the terms of the written contract; and (2) because the agent had no authority to make this change in the terms of the sale.

The rule which excludes parol testimony to contradict or vary the terms of a written instrument has no application where the object of such testimony is to show a new, subsequent agreement, involving the same subject matter. It is often shown that the old agreement has been abandoned, or that time and place of performance have been changed, by subsequent parol contract. This is elementary law. Contemporaneous oral agreements are excluded, because the writing is presumed to contain the final contract of the parties; but it is competent to prove a new and distinct agreement upon a new consideration, whether it be a substitute for the old, or in addition to and beyond it. 1 Greenl. Ev. § 303. Such was the effect of the oral testimony in this case. It tended to show that the written contract as to the time of the trial of the machine had been abandoned, and a new agreement substituted.

The home office was duly notified that the machine did not work well and was defective, and of course the local agent had all the knowledge it was possible to give on the subject, as he was on the ground when it was tested.

Had the agent authority to make this modification of the written contract, and bind the defendant? We think he had. He was intrusted with the machine, to sell on such terms as might be agreed upon. He was not an agent to make this sale alone, but sales generally, in a given territory, and it must be presumed that he had the power to sell the machine in question. This must be presumed from the nature of the case. It appears that the plaintiff had refused to receive and accept the machine under the written contract. The agent then agreed, if he would retain it and pay for it, he might have a reasonable time to test it, fix it

up, and make it work satisfactorily; and upon this agreement we must assume the machine was accepted and the notes given. If this new agreement had been reduced to writing, there would be no question as to its binding force on the defendant. There is a clause below the plaintiff's signature, by way of notice, to the effect that "no verbal agreement of any kind appertaining to the order will be recognized, and that all agreements must be in writing." If the agent had power to bind the defendant in writing to a new agreement, we see no good reason for holding that he could not bind it by a parol contract. Beyond all controversy, the agent was authorized to sell this and other machines for the defendant, and this necessarily implied authority to agree to what he did. It is true, some of the officers of the defendant testified that Phelps had no authority to give any warranty other or different from the printed warranty, nor to vary the terms of the sale or extend the time for the trial of the machine. Now, it is apparent that these witnesses testified rather to a question of law than an existing fact. They could not, however, do away with the fact that Phelps was authorized to sell the machine, and this carried with it the implied power to make the sale on the terms he did.

The jury found that Phelps refused to receive the machine when it was tendered to him on the first day of its trial, and induced the plaintiff to retain it on his promise to remedy the defects and that he would make the machine fulfil the warranty. It would be a fraud on the plaintiff to compel him, under the circumstances, to keep the thresher. The evidence shows that it is a worthless machine, or nearly so, and that the plaintiff used every reasonable means to make it a good one. The defendant's agents surely were given ample opportunity to set up the machine, to remedy all defects, so that it would work satisfactorily to the purchaser, and do good work, but they utterly failed to make it answer the warranty.

On the trial the plaintiff offered in evidence an affidavit of the defendant's attorney used on the motion for a continuance, in which it was stated that Phelps was the agent of the defendant, and conducted the transactions out of which the action arose. This was objected to. The answer, as we have said, admitted that Phelps was the agent of the defendant for the purpose of making sale of the machine; that he had charge of it, offered it for sale, and sold it. The statement in the affidavit showed no more than these facts, and its admission was certainly harmless in that view. This disposes of all the material questions in the case.

*By the Court.*— The judgment of the circuit court is affirmed.