PUTNAM FOUNDRY & MACHINE COMPANY *vs.* R. M. CANFIELD.

PROVIDENCE—JANUARY 18, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Varying Contract by Parol. Evidence.*

Where a written contract contained no provision as to the time when the amount agreed upon for doing of the work should be paid, evidence tending to show that subsequent to the date the contract was entered into it was agreed that the amount to become due should be paid in two installments? is admissible, since such evidence is not inconsistent with the written contract and does not tend to contradict it, and because it relates to a supplemental agreement and hence is not obnoxious to the rule that parol contemporaneous evidence is inadmissible to contradict or vary written instruments.

(2) *Contracts. Modifying Written Contract by Subsequent Parol Agreement.*

Where a written contract is not within the statute of frauds, it may be modified by a subsequent oral agreement.

TRESPASS ON THE CASE in assumpsit. Heard on petition of defendant for new trial, and petition denied.

TILLINGHAST, J.   The defendant petitions for a new trial on the grounds (1) that the verdict is against the evidence; and (2) that the presiding justice erred in allowing the plaintiff to introduce parol evidence to vary a written contract.

1.   An examination of the evidence submitted fails to satisfy us that it is not sufficient to sustain the verdict.

2.   The written contract between the parties, which was entered into on March 25, 1903, was for the furnishing and installing by the plaintiff of a steam-heating and drying appa-

ratus in the defendant's factory in Providence, and the contract stipulated, amongst other things, that "the price for same, complete, will be eight hundred fifty ($850) dollars."

The contract fixes no time within which the work called for shall be done, nor does it in terms specify when the price agreed upon shall be paid.

At the trial of the case the plaintiff was allowed to offer testimony, against the defendant's objection, that on April 2, 1903, the defendant requested the plaintiff to change the terms of payment so that he might pay the sum of $500 on the 10th of April, 1903, and the balance on the 10th of May. The reason given by defendant for desiring this change, according to the plaintiff's testimony, was, in effect, that it would be more convenient for him to pay the amount agreed on in two installments than to wait until the work should be completed and then pay the entire amount.

The defendant denies that any such conversation as that testified to by the plaintiff was had, or that any modification whatever was made regarding said written contract.

(1) This raised an issue of fact for the jury to determine; and as there was sufficient evidence offered by the plaintiff to warrant them in finding that the time of payment was modified, as aforesaid, the only question for us to determine is whether the testimony which was offered by the plaintiff was admissible, as ruled by the trial court.

We think it was. The contract, as already suggested, contains no stipulation as to the time when the amount agreed upon for the doing of the work called for shall be paid (although it is doubtless true that under said contract it would be due and payable upon the completion of the work), and hence the evidence which the plaintiff was permitted to introduce was not inconsistent with, and did not tend to contradict, the written contract. Its only effect was to fix a different time of payment from that which the law would have fixed, or rather the time which would have been implied by law, in the absence of any special agreement. Nor was the evidence offered in violation of the familiar rule invoked by the defendant's counsel, viz.: that "parol contemporaneous

evidence is inadmissible to contradict or vary the terms of a valid written instrument," for the evidence was not of a contemporaneous agreement, but related to an agreement made several days subsequent to the date of the written contract in question. In short, the oral evidence offered related to a supplemental agreement as to the time or times of payment for the work called for by the written contract, and hence in no event was it obnoxious to the rule of evidence above stated.

(2)   Moreover, the written contract in question was not within the statute of frauds, and hence it was clearly competent for the parties thereto to modify it by a subsequent oral agreement. *Richardson* v. *Hooper*, 13 Pick. 446; *Smith* v. *Lilley*, 17 R. I. 119. So that, even regarding the supplemental agreement aforesaid as constituting a modification of the written contract, it was clearly competent for the plaintiff to prove it by parol.

In *Jones* v. *Grantham*, 80 Ga. 472, the court held that a written contract for the payment of money by a given day might be varied by a subsequent parol contract changing the *medium* of payment in whole or in part.

In *Bishop* v. *Busse*, 69 Ill. 403, it is held that the right to contract includes the right to modify, change, or abrogate a pre-existing contract; and hence that any contract, whether in writing or verbal, not under seal, may, by a subsequent verbal contract, be annulled or changed, and the last contract, if supported by a consideration, will bind the parties.

In *Rigsbee* v. *Bowler*, 17 Ind. 167, it is held that a subsequent verbal agreement changing a previous written agreement is valid, and may be proved by parol in a case where the original contract might have been made by parol

In *Wiggin* v. *Goodwin*, 63 Me. 389, it is held that a written agreement may be waived, varied, or annulled by a subsequent oral agreement of the parties. In delivering the opinion of the court in that case, Appleton, C. J., in speaking of the evidence offered, says: "The evidence was of an agreement subsequent to the date of the assignment of the plaintiff's interest in the firm," and then adds: "'The rule that parol evidence is not to be received to vary a written instru-

ment,' observes Shepley, J., in *Marshall* v. *Baker*, 19 Me. 405, 'excludes all previous and contemporaneous declarations, but it does not exclude independent and collateral agreements made after the contract is completed, whether on the same occasion or at a subsequent time. Such testimony is not used to vary the terms of a written contract, but to prove that it has become inoperative by reason of a subsequent and independent one.' In *Goss* v. *Lord Nugent*, 5 Barn. & Ad. 65, Lord Denman states the law on this subject thus: 'After the agreement has been reduced into writing, it is competent to the parties, at any time before breach of it, by a new contract not in writing, either altogether to waive, dissolve, or annul the former agreement, or in any measure to add to or subtract from or vary or qualify, the terms of it, and thus to make a new contract; which is to be proved partly by the written agreement and partly by the subsequent verbal terms engrafted upon what will thus be left of the written agreement.' " Judge Appleton then adds that: "If the parties, for reasons satisfactory to themselves, modify their original agreement, they have a perfect right to do it, and when done it is not readily perceived why proof of such modification should not be received."

In *Barton* v. *Gray*, 57 Mich. 622, it is held that parties who have made written contracts may vary them afterwards as much as they please by parol, if the nature of the agreement is not such that the law requires them to be in writing.

The same doctrine is clearly laid down in *Hewitt* v. *Brown*, 21 Minn. 163; *Delaney* v. *Linder*, 22 Neb. 274; *Holloway* v. *Frick*, 149 Pa. St. 178; *Brown* v. *Everhard*, 52 Wis. 205, and numerous other cases which might be cited. Indeed, both the American and English authorities upon this question are well-nigh unanimous in support of the doctrine above announced.

All that the rule invoked by defendant's counsel relating to parol evidence not being admissible to vary a written agreement means is that it cannot be shown by parol that a contract different from the writing was entered into *at that time*. But it does not control in a case like the one before us,

where, as already seen, the evidence offered was not for the purpose of showing that the contract which was made between the parties on the 25th day of March, 1903, was not as set forth in the writing, for that is not questioned; but that, subsequently thereto, the parties made an additional contract whereby the former one was somewhat changed or modified.

The rule invoked by defendant is a most salutary one, and this court has uniformly adhered to it. *Gardner* v. *Chace*, 2 R. I. 112; *Sweet* v *Stevens*, 7 R. I. 375; *Vaughan* v. *Mason*, 23 R. I. 348; *Martin* v. *Clarke*, 8 R. I. 389; *Dyer* v. *Print Works*, 21 R. I. 63; *Watkins* v. *Greene*, 22 R. I. 34; *Myron* v. *Railroad Co.*, 19 R. I. 125. It is based upon the common sense theory that "when parties have deliberately put their engagements into writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing; and all oral testimony of a previous *colloquium* between the parties, or of conversations or declarations at the time when it was completed or afterwards (as it would tend in many instances to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties) is rejected." 1 Greenl. Ev. 16th ed. § 275.

While fully agreeing with the rule as thus stated by Mr. Greenleaf, we must hold that it is not applicable to the case before us, and that the ruling complained of was correct.

Counsel for defendant has not taken the point that the modification of the contract in question was made without any consideration, and hence invalid; but even if he had it could not avail, as, if made, it was unquestionably made at the defendant's request and for his accommodation, and hence he would be estopped from setting up a want of consideration therefor.

Petition for new trial denied, and case remanded for judgment on the verdict.

*George H. Huddy, Jr.,* for plaintiff.

*Albert D. Bean,* for defendants.