## INNIS et al. v. BOLLER.

No. 14661—Opinion Filed Dec. 18, 1923.

Rehearing Denied Jan. 29, 1924.

1. **Evidence—Parol Evidence Varying Writing—Subsequent Agreements.**

The rule that parol evidence is not to be received to vary a written instrument excludes all previous and contemporaneous declarations, but it does not exclude independent and collateral agreements made after the contract is completed, whether on the same occasion or at a subsequent time. Such testimony is not used to vary the terms of a written contract, but to prove that it

has become inoperative by reason of a subsequent and independent one.

2. **Frauds, Statute Of—Five-Year Oil and Gas Lease.**

An executory contract for the sale of an oil and gas mining lease for a term of five years is invalid unless such contract or some note, or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Choctaw County; Geo. T. Arnett, Judge.

Action by J. A. Boller against W. O. Innis et al. Judgment for plaintiff. Defendants bring error. Affirmed.

Howe & Howe, for plaintiffs in error.

Stevenson & Holloway, for defendant in error.

Opinion by PINKHAM, C. In this case the plaintiff in error, or plaintiff in the trial court, brought this action in the district court of Choctaw county against W. O. Innis and others for a balance due under the terms and conditions of a certain written contract and under the terms and conditions of a subsequent oral contract.

It is admitted by all the parties that they entered into a written contract by the terms of which the plaintiff was to drill a well for oil and gas for a stipulated amount of $6 per foot, and that in the event favorable formations should be encountered at 2,000 feet, then said well to be continued at the option of defendants at the said price of $6 per foot.

The plaintiff alleges in his petition that at the depth of 2,000 feet unfavorable formations were encountered, and at said depth of 2,000 feet the plaintiff and defendants entered into an oral contract whereby it was agreed that the defendants would pay the plaintiff $6 per foot for each additional foot drilled by the plaintiff, and in addition thereto would pay an amount equal to the cost of moving the machinery from Ardmore, Okla. to Unger, Choctaw county, which the plaintiff alleges to be the sum of $665.

The plaintiff further alleges that he drilled said well to a depth of 2,000 feet according to the terms of the written contract, and that the defendants are indebted to him in the sum of $1,220, as a balance due for his work in drilling said well; and that after reaching a depth of 2,000 and drilled therein to a depth of 80 feet feet he encountered unfavorable formations in compliance with the oral agreement entered into between the plaintiff and de-

fendants, and that the defendants are indebted to him in the sum of $480 for drilling the additional 80 feet, at the stipulated price of $6 per foot, and in the sum of $665, the cost of moving the oil well machinery from Ardmore to Unger, or a total of $1,145 for the drilling the said well for the last 80 feet.

The defendants filed their answer in which they admit the execution of the written contract, and that according to the terms thereof they were to pay to the plaintiff the sum of $6 per foot for drilling said oil well, and admit that said well was drilled to a depth of 2,080 feet.

The defendant further answer in which they deny that they entered into any oral contract with the plaintiff.

Defendants for further answer and by way of set-off and counterclaim allege that the plaintiff is indebted to them in the sum of $53.93 for certain material purchased by the defendants for the plaintiff, and that defendants are entitled to have said sum of $53.95 deducted from any amount due said plaintiff on said contract.

Defendants further allege that when this action was filed and commenced the plaintiff was and still is indebted to the defendants in the sum of $665 for the amount paid defendants for moving the drilling tools from Ardmore to Unger, which the plaintiff agreed to pay defendants by deduction of said charge from any balance on contract.

Defendants further allege that on or about the 22nd day of August, 1921, before the filing and commencement of this action, at the time of making the contract here sued upon, the plaintiff purchased from defendants certain oil and gas leases and agreed to pay the sum of $1,700 by applying the amount on the payment of the contract due him for drilling said oil and gas well.

The cause was tried before the court and a jury on the 8th day of March, 1923, and resulted in a verdict for the plaintiff in the sum of $2,526.07.

On the 9th day of March, 1923, the plaintiff filed his certain remittitur in writing in said cause remitting the sum of $161.07 of said verdict in order that recovery may conform to the prayer of the petition.

On March 9, 1923, judgment was rendered in favor of the plaintiff and against the defendants in the sum of $2,365, and the costs of the action.

Motion for new trial was filed, considered, and overruled, to which judgment of the court defendants excepted, and the cause comes regularly on appeal for review in this court.

The principal contention of counsel for plaintiffs in error made under their second assignment is that the verdict of the jury is contrary to the law and evidence. The argument is that the testimony on the part of J. A. Boller, defendant in error, with reference to a subsequent oral agreement between plaintiff in the lower court, and A. R. Forster, agent of the defendants below, is not sufficient to sustain the jury's verdict. There is positive testimony in the record on the part of the plaintiff that after the drilling of this well had reached the depth of 2,000 feet unfavorable formation was encountered, and that the plaintiff, Boller, and the said Forster, who it is admitted was the agent of the defendants, discussed the question of drilling the well deeper. The plaintiff testified that the said agent, Foster, said that he only wanted to go about 80 or 100 feet deeper, and stated to the plaintiff, "I will pay you six dollars a foot and allow you your moving expenses from here." That his moving expenses, in moving the tools from Ardmore over to Unger, were $665. That he accepted the agent's proposition, and after working on the well "about 35 days he finally got about 80 feet of hole out of it," after which, it appears, the well was closed down by the said agent.

The agent of the defendants, while admitting having a conversation with the plaintiff at the time the well was drilled down to 2,000 feet, denied that he entered into the oral agreement testified to by the plaintiff. Another witness on the part of the defendants stated that he was present at the conversation referred to, and that while the matter of drilling deeper was discussed, no oral contract was entered into between the defendants' agent and the plaintiff.

As to the claim of $53.90 which the defendants claim is due them from the plaintiff, the record shows that the plaintiff testified that while he had no recollection of having received the supplies for which the bill of $53.95 was paid by defendants, he had taken their word for it and given them credit for the sum in the present suit.

It seems sufficient to say that these disputed issues of fact between the parties were submitted to the jury under proper instructions. The verdict in favor of the plaintiff involved a finding in favor of the plaintiff and against the defendants on all material issues of fact. We think there is testimony in the record that reasonably tends to support the verdict of the jury on the question of whether or not the oral

agreement was entered into between the parties.

It is next contended that the testimony with reference to the oral agreement was not admissible for the reason that it tended to vary the terms of the written contract, and the case of Early v. King, 38 Okla. 206, 135 Pac. 286, is cited by plaintiffs in error in support of their contention. The syllabus in the case cited is as follows:

"An oral agreement which alters a contract in writing is not valid or binding, and proof of its existence is not competent to vary the terms of a written instrument, unless such oral agreement has been executed."

The record discloses that the plaintiff performed his part of the oral agreement by drilling the additional 80 feet.

Under the written contract, if the formation was such at the depth of 2,000 feet that it could not be successfully further drilled, the plaintiff was not bound to continue drilling. Whether or not the condition of the well was such as testified to by the plaintiff, and an oral contract entered into between plaintiff and defendants' agent for the purpose of taking care of the situation that had arisen, were questions for the determination of the jury.

We think it may fairly be said in view of the disclosures of the record that the written contract was, to all intents and purposes, completed at the depth of 2,000 feet, at which time the parties considered the advisability of making a new agreement as to deeper drilling.

In Bannon v. Aultman. 80 Wis. 307. it is said in the opinion:

"The rule which excludes parol testimony to contradict or vary the terms of a written instrument has no application where the object of such testimony is to show a new, subsequent agreement, involving the same subject-matter. Contemporaneous oral agreements are excluded, because the writing is presumed to contain the final contract of the parties; but is competent to prove a new and distinct agreement upon a new consideration, whether it be a substitute for the old, or in addition to and beyond it."

"If the parties, for reasons satisfactory to themselves, modify their original agreement they have a perfect right to do it, and when done it is not readily perceived why proof of such modification should not be received." (Wiggin v. Goodwin; 63 Me. 389.)

"A contract which is not within the statute of frauds may be modified by a subsequent parol agreement." (Putman Foun-

dry & Machine Company v. Canfield, 25 R. I. 548.)

The rule that parol evidence is not to be received to vary the terms of a written instrument excludes all previous and contemporaneous declarations, but it does not exclude independent and collateral agreements made after the contract is completed, whether on the same occasion or at a subsequent time. Such testimony is not used to vary the terms of a written contract, but to prove that it has become inoperative by reason of a subsequent and independent one. (Marshall v. Baker, 19 Me. 405.)

While fully agreeing with the rule stated by counsel for plaintiffs in error, we must hold that it is not applicable to the case before us, and that the ruling complained of was correct.

The argument made by counsel under their fourth assignment of error is that the court erred in rendering judgment upon the verdict of the jury over the objection of the defendants for the reason that the judgment was for more than the prayer of the plaintiff's petition. The plaintiff in his petition prayed for a judgment against the defendants in the sum of $2,365. By the verdict of the jury he was awarded $2,526.07. The remitting of the $161.07 by the court in order to bring the amount of recovery within the prayer of the petition was, under the circumstances, proper, and gives no cause of complaint on the part of the defendants.

Under the sixth assignment of error it is contended that the court erred in refusing to permit the defendants to prove by oral testimony the sale of certain oil and gas leases to the plaintiff, and further to prove by oral testimony the holding of such leases by A. R. Forster, the said agent of the defendants, in trust for the plaintiff. The said Forster was the manager and agent of the defendants in the supervision of the drilling of the well in question. The defendants claim that the plaintiff was indebted to them in the sum of $1,700 for oil and gas leases on 130 acres of land under the parol sale to the plaintiff.

The record discloses without conflict that the leases in question were made direct from the owners of the fee to A. R. Forster for a period of five years, and so much longer thereafter as oil and gas were produced in paying quantities. The defendants offered to prove that the plaintiff had purchased these leases from the said Forster. and further offered to prove by oral testimony that the said Forster was holding said leases in trust for the plaintiff.

The court sustained an objection to the offer, to which the defendants excepted. The action of the trial court in sustaining the objection to the offer of parol testimony to prove the assignment of the leases in question from Forster, the lessee, to the plaintiff, is sustained in the case of Woodworth et al. v. Franklin, 85 Okla. 27, 204 Pac. 452; paragraphs two and three of the syllabus of that case read as follows:

2. "Under the statute of frauds of this state, all contracts for the leasing of real estate for a longer period than one year are invalid unless the same, or some note or memorandum thereof, be in writing, and an assignment of such a lease, to be valid, must also be in writing."

3. "An executory contract for the sale of an oil and gas mining lease for a term of five years is invalid unless such contract, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged, or by his agent."

This case, we think, falls within the rule applied in Woodworth v. Franklin, supra, and that the trial court followed the rules therein announced in refusing parol proof as a basis for the counterclaim, and assignment of certain oil and gas leases, the title to which remained in A. R. Forster, the agent of the defendant.

If this well had been a producer, we do not think the plaintiff, Boller, could have compelled the conveyances to him under the proof offered by the defendants.

We have examined other questions presented by counsel for plaintiffs in error in their brief, but are of the opinion that the court below committed no such substantial error as would justify a reversal.

For the reasons stated, we think the judgment of the court below should be affirmed.

By the Court: It is so ordered.