## FRANCIS v. HAMRA.

No. 15836—Opinion Filed Sept. 29, 1925.

1. **Appeal and Error — Review of Equity Case—Evidence Supporting Findings.**

In a case of purely equitable cognizance the findings of fact of the trial court will not be disturbed by this court unless the same are clearly against the weight of the evidence.

2. **Frauds, Statute Of — Contract — Sufficiency of Letters and Memoranda.**

A contract can be made by letters and written memoranda sufficient to satisfy the statute of frauds; but it is universally held that such writings must be in themselves sufficient to create the contract, without resort to parol evidence to supply omissions.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Creek County; John L. Norman, Judge.

Action by A. Francis against H. J. Hamra. Judgment for defendant, and plaintiff appeals. Affirmed.

Watson & Jones, for plaintiff in error.

McDougal, Allen & Pryor, for defendant in error.

Opinion by PINKHAM, C. The plaintiff in error was the plaintiff and the defendant in error defendant below, and they will be referred to as they appeared in the lower court.

Plaintiff's petition alleged, in substance, that on the 30th day of October, 1922, the defendant stated to him that he, the defendant, owned an oil and gas lease, describing the same; that defendant owed some money on the purchase price and if the plaintiff would help him pay the same that plaintiff should have and own a joint interest in said lease, to wit: an undivided 1-32nd interest; that plaintiff accepted the proposition and paid defendant $200 for the purpose of applying the same on the purchase price; that the $200 was paid by check written in the handwriting of plaintiff, and indorsed by him thereon the following notation: "Price for thirty-second interest in oil and gas lease"; that plaintiff requested an assignment of the said interest which he had purchased, but the defendant stated that he would hold the said lease in his own name for the convenience of both parties until certain litigation was determined; that in the meantime plaintiff should have a joint, or partnership, interest in said lease and be entitled to an undivided 1-32nd interest in and to the proceeds and income therefrom, and should have joint and partnership control and possession of the same; that on account of said litigation then pending and on account of said promise made and the confidential relation then existing between them, the plaintiff agreed to permit the said oil and gas lease to remain in the name of defendant; that thereafter, the contractors who had entered into a drilling contract with the plaintiff and defendant, brought in a producing well on June 4, 1923, and that soon thereafter the plaintiff demanded of the defendant an assignment of his undivided interest in said land, and for the first time the defendant denied that the plaintiff had an undivided interest in said land and now asserts that plaintiff has no right, title, or interest therein.

The petition further alleges that on account of said confidential relations existing between plaintiff and defendant and on account of the request of the defendant that he hold said oil and gas lease in his name during the pendency of said litigation, which litigation has finally been determined, the plaintiff consented to the same and on account of said facts the defendant has perpetrated a fraud upon the plaintiff, and that plaintiff is entitled to a decree adjudging him to be the equitable owner of an undivided 1-32nd interest in said lands.

The defendant's demurrer to the amended petition was by the court overruled, whereupon defendant filed his answer consisting, first, of a general denial; and further alleges that the sum of $200 mentioned in plaintiff's amended petition was a loan and that the same has been fully repaid and was no part or parcel of payment in an oil and gas lease. Defendant further stated in his answer that the purported agreement alleged in plaintiff's petition involves an oil and gas lease on producing property, and that said purported oral agreement, had the same been made, is invalid for the reason that the same is not in writing and subscribed by the defendant or his agent.

Upon the issues thus joined the case proceeded to trial before the court without the intervention of a jury. At the close of all the evidence the court found all the issues in favor of the defendant and against the plaintiff, and rendered its judgment that

the defendant's title, to said oil and gas mining lease be quieted as to the claim of the plaintiff. Motion for new trial was overruled, from which judgment and order of the court the plaintiff has duly appealed.

Two propositions are presented and ably discussed in the brief of counsel for plaintiff. The first proposition is, whether or not the judgment of the trial court is clearly against the weight of the evidence and contrary to the weight of the evidence to such a degree as to warrant the consideration of this court in determining whether or not there is competent evidence appearing of record upon which the trial court might have based its judgment; and second, that it will be necessary to decide whether or not, as a matter of law, the evidence of the plaintiff being taken as true, the plaintiff would in this action be entitled to recover.

This court has uniformly held in many decisions that in a case of purely equitable cognizance, the findings of fact by the trial court will not be disturbed by this court unless the same are clearly against the weight of the evidence. Richardson-Roberts-Byrne Dry Goods Co. v. Hockaday, 12 Okla. 546, 73 Pac. 957; Interstate Bldg. & Loan Co. v Oklahoma City, 84 Okla. 227, 203 Pac. 172; Killam v. Gritts, 98 Okla. 263, 225 Pac. 357; Keenan v. Scott, 99 Okla. 63, 225 Pac. 906. This well established rule of law in this jurisdiction is not controverted by counsel for plaintiff, but it is urged that it clearly appears that the judgment of the trial court is manifestly contrary to the weight of the evidence. We are unable to agree with this contention. The plaintiff alleged in his amended petiton:

"That he, the defendant, owed some money on the purchase price thereof (the oil and gas lease in question), and if the plaintiff would help him pay the said purchase price that he, the plaintiff, should have and own a joint interest in said lease, to wit, an undivided 1-32nd interest, and jointly participate in the rents and profits therefrom, and have joint control and possession thereof."

In his testimony in chief, the plaintiff supported this allegation by stating that the $200 check was not given as a loan to the defendant; that it was given as the purchase price for that lease and that "that is exactly what it was given for."

At the close of plaintiff's evidence, the defendant interposed a demurrer to the same, which demurrer was, by the court, overruled. The defendant then offered evidence of a very positive and convincing character showing that there was no purchase money paid for the lease involved by the defendant, and that no money, except money which developed from oil produced on the premises long after the transactions involved herein took place, was ever paid for the lease.

The plaintiff himself then again was placed upon the witness stand and testified that the $200 check was given for drilling; that the defendant wanted to start buying lumber to build a derrick. On cross-examination the plaintiff was asked if he had not previously testified that it, the $200 check, was given as the purchase price for the lease, to which he answered by denying having so testified. The record discloses, however, that in this the plaintiff was mistaken.

The defendant's evidence disclosed that there was nothing due on the purchase price of the lease; that at the time of the transaction testified to by the plaintiff, the defendant did not owe the lessor in the lease involved any amount whatever. This testimony of the defendant was corroborated by other evidence, including the lease owned by the defendant. The defendant testified further that he received $200 from the plaintiff, but that the same was a loan and that he had repaid it and offered in evidence the checks made to the plaintiff, copies of which are incorporated in the case-made marked "Exhibits 1, 2, and 3," and it appears that in each instance the checks show payment by perforation and that each of said checks bears the notation: "Payment on $200 check." The defendant testified that this notation of payment was made on the check marked transaction testified to by the plaintiff, the de- "Exhibits 1" at the time it was given and made afterwards on the other two checks. The plaintiff, on rebuttal, emphatically denied that the notation: "Payment on $200 check," was on defendant's Exhibit 1 at the time it was delivered to him. Counsel for defendant stated in their brief, that this check, with the notation, "Payment on $200 check," was exhibited to the trial court, and that the perforations on the check perforated and cut through a part of this notation so that the trial court could plainly see, and that it was plainly evident that the notation was on the check when the same was paid to plaintiff. It is not contended, as we understand counsel for plaintiff, that the check marked "Exhibit 1" did not bear the notation in question at the time of its delivery to the plaintiff. The payment, therefore, being shown by the checks introduced in evidence by the defendant, taken in connection with all the evidence in the case, supports, we think, the judgment of the trial court, which involved a finding

that the $200 check given by the plaintiff to the defendant was not for the purchase of an interest in the oil and gas lease, but was a loan and that the same had been repaid.

The second proposition goes to the question of the statute of frauds, which statute, section 5034, Comp. St. 1921, subd. 5, reads as follows:

"An agreement for the leasing for a longer period than one year or for the sale of real property or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

That an oil and gas mining lease falls within the statute of frauds is unquestioned. Woodworth v. Franklin, 85 Okla. 27, 204 Pac. 452; Innis v. Boller, 97 Okla. 76, 222 Pac. 553.

In the case of Amalgamated Royalty Oil Corp. v. Hemme, 282 Fed. 750, Justice Kenyon, after quoting the statute of frauds of this state, in the body of the opinion, page 765, says:

"(1) A contract can be made by letters and written memoranda sufficient to satisfy the statute of frauds; but it is universally held that such writings must be in themselves sufficient to create the contract without resort to parol evidence to supply omissions."

In the case of Halsell v. Renfrow, 14 Okla. 674, 78 Pac. 118, it is said in the 4th and 5th paragraphs of the syllabus:

"4. A contract for the sale of lands which a court of equity will enforce specific performance of, must be certain in its terms, and that certainty required has reference to the parties contracting, the terms of the sale and the description of the property, and whenever the property to be conveyed cannot be identified as the property referred to in the contract, specific performance will be denied.

"5. Where a sufficient description is given in the contract, parol evidence may be resorted to in order to fit the description to the thing, but where an insufficient description is given, or where there is no description, such evidence is inadmissible. A court will never receive parol evidence both to describe the land and to apply the description."

The above case was appealed to the Supreme Court of the United States and there affirmed in the case of Halsell v. Renfrow, 50 L. Ed. 1032, 202 U. S. 287.

In the instant case there is no evidence of any description of any purported prop-

erty nor any memoranda in any wise signed by both parties. The plaintiff contended that he gave a check in payment of a 1-32nd interest in an oil and gas lease, the only note or memorandum of such purchase being found on a check. The defendant contended that said check was given as a loan and testified that there was no notation on the check at the time he received the same, and that the notation "Price for thirty-second interest in oil and gas lease." was placed on the check afterwards. The whole case of the plaintiff rested upon this notation, it not being contended that there was any other memoranda in writing.

The authorities cited above are sufficient to sustain the trial court in refusing to compel specific performance.

We think the conclusion reached by the trial court that the plaintiff loaned the defendant $200, and that the defendant repaid the same to the plaintiff, that there was no agreement by the plaintiff to convey any interest in the oil and gas lease to the plaintiff, is correct; and, further, we are of the opinion that the purported agreement falls within the statute of frauds.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 900, § 2869. (2) 27 C. J. pp. 259, 260, sec. 308, 268, § 318.