## BLACK. et ux. v. WICKETT.

No. 19567. Opinion Filed Sept. 9, 1930.

Rehearing Denied Dec. 16, 1930.

D. B. Horsley, for plaintiffs in error.

Everett Petry and Gray & Palmer, for defendant in error.

FOSTER, C. This is an appeal from the district court of Osage county. It appears that in the year 1921, the parties to this action, together with one Mayo and several other persons, purchased an oil and gas lease at a sale held at Pawhuska of oil and gas leases of the Osage Indian Tribe. By agreement the lease was taken in the name of Elmer J. Black. Apparently Black originally owned no interest in the lease, but, after it was placed in his name, he acquired an interest from some of the other parties. In 1922, Black entered into a written agreement with Wickett, by the terms of which Wickett was to drill a well upon the lease and to receive as payment therefor a certain interest therein, and all additional wells and additional development and operation of the lease should thereafter be borne by the parties as their interest appears. At the time of the filing of this action, Wickett owned all of the lease, except 12/80ths, which was in the name of Black. A 6/80ths interest, however, was held by Black in trust for one Mayo. The suit is for an amount alleged by Wickett which he advanced in payment of development and operation after the drilling of the first well for the 12/80ths interest held in the name of Black. The case was tried to a jury and resulted in a verdict in favor of Wickett in the sum of $767.37 with interest and attorney's fee, and a lien upon the 12/80ths interest, which was ordered sold to satisfy said judgment.

This is the second appeal of this case, the first being Black v. Wickett, No. 17521, reported in 127 Okla. 52, 259 Pac. 642. In that case it was held that a member of a mining partnership, who advanced more than his share of money to operate or develop oil lands, has a lien on his partnership's share to the extent of his overadvancement on final hearing, and that a lien could be established upon an oil and gas lease issued by the Osage Tribe of Indians for such advancement. The case was reversed because of insufficient evidence to sustain the items of account as alleged in plaintiff's petition, although it was held that the plaintiff's petition stated a good cause of action. While the identical questions here presented were apparently not presented in that case, it was held in that case that Black owned a 12/80ths undivided interest. It seemed to be assumed by the court that the 12/80ths interest held in the name of Black was subject to a lien in a suit brought by Wickett against Black for an accounting for the overadvancement in developing the lease.

The record in the instant case is very voluminous, a great part of it being proof as to the items of account advanced by Wickett, who was in charge of the lease and conducted the operation and development of same. In view of the opinion on first appeal and of the record here presented, we do not think it necessary to state in detail the pleadings nor the record. Many assignments of error are made by the plaintiffs in error. But, as we view the entire record, the chief and only substantial contentions of plaintiffs in error are as follows:

1. That the court erred in not making Mayo a party defendant, for the reason that Mayo owned a beneficial interest to the ex-

tent of 6/80ths, which was held in trust by Black, and in Black's name.

2. That the court erred in refusing to admit oral testimony of an agreement on behalf of Wickett to buy the 12/80ths interest from Black for the sum of $1,200, and thereby settle all the accounts between them.

There appear in the brief of plaintiffs in error some 17 or 18 assignments, discussing the different orders and rulings of the court and the objections made by plaintiffs in error at the trial; also objections to certain instructions and certain offered instructions which were not given. But, as we view the entire record, the chief question presented is the failure of the court to make Mayo a party defendant. This question was raised by the plaintiffs in error at the trial of the cause, first by demurrer, which alleged that there was a defect of parties, in that George R. Mayo is a necessary party defendant. It was also raised on the objection to the introduction of testimony. However, we find no place in the record where plaintiffs in error asked the court to make an order bringing Mayo in as a party defendant.

The question as to whether Black became liable personally to pay for the amount expended upon the lease, which represented the 12/80ths interest held in his name, was submitted to a jury under proper instructions. While numerous objections are made to these instructions, we think, from an examination of the instructions given by the trial court, that they were sufficient. Considerable argument and contention is made as to whether or not this is a mining partnership or a cotenancy. But, as we view the record, we think this question is immaterial. It is admitted that Black held the interest of Mayo in his name and in trust for Mayo. We think there is sufficient evidence in the record to show that during all the time Wickett operated the lease he knew Black so held this interest. A part of the time he sent statements to Mayo and to Black showing that Mayo had a 6/80ths interest and Black a 6/80ths. Black at all times received from the oil company the oil runs for the 12/80ths interest, which included the 6/80ths alleged to have belonged to Mayo. Mayo apparently did not pay his part of the operating expenses, and Wickett appears to have asked Black to assign to him (Wickett) the 6/80ths interest owned by Mayo. This Black did not do, but agreed that the statements for the entire 12/80ths interest be sent to him, and that he would pay for the same; and that he did pay for

a year or more the operating expenses covering the entire 12/80ths interest. Wickett testified that Black promised to take care of the entire 12/80ths, which included the part held in trust by Black for Mayo.

From this testimony, although there is much in the record to contradict and dispute, we think there is sufficient evidence to show there was an agreement between Wickett, who was in charge of the lease and operating it, and Black, who held the 12/80ths interest, that he (Black) would pay for the operating expenses for the entire 12/80ths interest. As we view the case, whether or not a mining partnership existed between Black, Mayo, Wickett, and the other owners, or whether it was a cotenancy, becomes immaterial. If Black agreed to pay the operating expenses of the 12/80ths interest, we do not believe it was necessary that Mayo be made a party defendant.

It is perhaps true that Mayo could have been made a party defendant for the purpose of an accounting between Black and himself. It may not have been error for the court to have made him a party upon proper application, but we do not think, under the record in this case and under the agreement which existed between Black and Wickett, that he was a necessary party so far as the determination of the rights between Black and Wickett is concerned.

The next contention is based upon an alleged agreement between Black and Wickett whereby Black contends that Wickett agreed to purchase the 12/80ths interest for the sum of $1,200, and thereby settle all the differences between them. The court held the testimony concerning this agreement not sufficient to go to the jury, and instructed the jury not to consider this issue. In this we think the court was correct. An examination of the testimony will show that Black was relying upon certain oral agreements between him and Wickett to support this alleged contract. We think that this comes within the statute of frauds, and the trial court so held. The contract for the purchase of an oil and gas lease is not valid unless such contract or some note or memorandum thereof be in writing and subscribed to by the parties to be charged. Innis v. Boller, 97 Okla. 76, 222 Pac. 553; Francis v. Hamra, 112 Okla. 105, 240 Pac. 76.

It is also contended by plaintiff in error that the court erred in overruling the motion for a new trial on the grounds of newly discovered evidence. The newly discovered evidence relied upon appears to have been

certain documents in the files of plaintiff in error which were overlooked prior to the time of the hearing. Whether these papers which are presented materially affect the case, we do not decide, but we think clearly, under the rule heretofore established by this court, that such testimony could not be relied upon as newly discovered evidence sufficient to authorize the court in granting a new trial. Certainly, by the exercise of due diligence, plaintiff in error could have discovered prior to the trial what his own files contain.

The judgment is therefore affirmed.

TEEHEE, LEACH, REID, and DIFFEN-DAFFER, Commissioners, concur.

By the Court: It is so ordered.